

FILED

JUN 16 2015

Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| MATTHEW L. WAGEMANN, <br><br> Plaintiff, <br><br> vs. <br><br> JARROD ROBINSON, individually and as agent for City of Belgrade, State of Montana; E.J. CLARK, individually and as agent for City of Belgrade, State of Montana; BRYCE PELTOMAA, individually and as agent for City of Belgrade, State of Montana; PHILLIP BRUPBACHER, individually and as agent for City of Belgrade, State of Montana; CHARLES SPRAGUE, individually and as agent for City of Belgrade, State of Montana; CITY OF BELGRADE, a political subdivision of the State of Montana; and JOHN DOES I-X, <br><br> Defendants. | CV 13–78–BU–DLC–CSO <br><br> ORDER |

United States Magistrate Judge Carolyn S. Ostby entered her findings and recommendations in this case on May 14, 2015, recommending that Defendants' motions for summary judgment be granted. Plaintiff Wagemann's counsel filed a notice with the Court on May 28, 2015, wherein counsel expresses his views on

-1-

the predispositions of Montana's federal judicial officers, and opines on the likelihood that objecting to the findings and recommendations would make any practical difference in his client's case. While counsel's viewpoint is unfortunate – and his respect for Rule 8.2(a) of the Montana Rules of Professional Conduct apparently tenuous – Plaintiff's counsel does make absolutely clear that the Court should not construe his notice as an objection to Judge Ostby's findings and recommendations. The Court will oblige, and so deems Plaintiff Wagemann to have waived his right to *de novo* review of the record. 28 U.S.C. § 636(b)(1). The Court will therefore review the record for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000). Judge Ostby's findings and recommendations are clear, reasoned, thorough, and congruent with clearly established law. The Court therefore adopts them in full.

In an exhaustive seventy-three-page order, Judge Ostby found, and this Court agrees, that Plaintiff Wagemann's claims generally fail for one of three reasons: (1) the statute of limitations has run on the particular claim, and no theory effectively tolls the statute; (2) the claim is foreclosed due to there being probable cause supporting particular complained-of police actions; or (3) the claim has no

evidentiary support in the record. In essence, the four incidents at the heart of this case – the February 24, 2010 fight for which Wagemann was charged with aggravated assault, the September 11, 2011 trespass at the Belgrade Lounge, the June 17, 2012 encounter involving Wagemann's minor acquaintance, and the October 9, 2012 trespass on school grounds – simply do not support the causes of action pled in Wagemann's Amended Complaint. As observed in a previous case involving Plaintiff's counsel, the Court believes that the performance of some initial research and investigation into Wagemann's claims may have resulted in a determination that the claims were likely not warranted by existing law, or that evidentiary support for the claims was lacking. Regardless, Judge Ostby's analysis of the claims is free of clear error.

Accordingly, IT IS ORDERED that Judge Ostby's findings and recommendations (Doc. 58) are ADOPTED IN FULL. Defendants motions for summary judgment (Docs. 27 & 32) are GRANTED. All other pending motions are DENIED AS MOOT. This case is CLOSED.

DATED this 16th day of June, 2015.

Dana L. Christensen, Chief Judge
United States District Court